**Petitions for Writ of Mandamus and Prohibition Dismissed and Majority and Dissenting Opinions filed December 22, 2020.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-20-00731-CV**
**NO. 14-20-00732-CV**

---

**IN RE SOMAIAH KHOLAIF, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**WRIT OF PROHIBITON**
**County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1158755**

---

## MAJORITY OPINION

On October 28, 2020, relator Somaiah Kholaif filed a petition for writ of mandamus and a petition for writ of prohibition in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petitions, relator argues that the Honorable Jim F. Kovach, presiding judge of the County Civil Court at Law No. 2 of Harris County, is impermissibly interfering with this court's appellate jurisdiction

in an appeal pending in case number 14-20-00218-CV. Relator asks this court to direct Judge Kovach to not issue a writ of possession in the underlying forcible-detainer suit.

On November 25, 2020, the court issued an order advising relator that her petitions do not comply with the Texas Rules of Appellate Procedure and providing 10 days' notice that the court would dismiss the petitions if the deficiencies were not cured. *See In re Kholaif*, Nos. 14-20-00731-CV & 14-20-00732-CV, 2020 WL 7013339, at *1 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, order). Specifically, we explained to relator that her petition did not include either (1) a certification that every factual statement in the petition is supported by competent evidence in the appendix or record or (2) an authenticated transcript of any relevant testimony from any underlying proceeding, including exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *Id.* (citing Tex. R. App. P. 52.3(j), 52.7).

Relator has not cured the deficiencies. Relator has not included the required certification under Rule 52.3(j). *See* Tex. R. App. P. 52.3(j). Nor has relator provided any authenticated transcript of any relevant testimony from any underlying proceeding, including exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained of. *See id.* 52.7(a)(2).

In response to the court's order, relator informed the court that she has requested that the trial court clerk prepare a clerk's record for her petitions. *See* Tex. R. App. P. 52.3(k)(1)(a), 52.7(a)(1). Relator also provided an e-mail from the court

reporter, stating that no record of the hearing was made in response to relator's request for a reporter's record of the hearing. Neither action by relator addresses the deficiencies in the petitions, which were enumerated in the court's order.

Because relator's petitions do not comply with the Texas Rules of Appellate Procedure, they are dismissed.[1] Relator's motion to stay is dismissed.


/s/     Charles A. Spain
        Justice

Panel consists of Chief Justice Frost and Justices Bourliot and Spain. (Frost, C.J., dissenting).

---

[1] The dissent repeats, mostly verbatim, its November 25 dissent to the order notifying relator that the original proceedings will be dismissed. It serves no legitimate purpose for the court to repeat its November 25 response in light of today's dissent. *See Kholaif*, 2020 WL 7013339, at *1–4. The designation of "majority opinion" for this dismissal, as opposed to "majority memorandum opinion," is due to the dissent. *See* Tex. R. App. P. 47.4.